# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BRUCE ROSE, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> BANK OF AMERICA, N.A. as the ) <br> successor-in-interest of COUNTRYWIDE ) <br> MORTGAGE, OPTION ONE, ) <br> AND EASTSIDE MORTGAGE ) <br> ) <br> Defendants. ) <br> ) | Civil Action No. <br> 16-11558-FDS |

## ORDER ON DEFENDANT BANK OF AMERICA, N.A.'S
## RENEWED MOTION TO DISMISS

**SAYLOR, J.**

On June 23, 2016, plaintiff Bruce Rose filed this action against Bank of America, N.A. ("BANA") as the successor-in-interest of Countrywide Mortgage and other defendants in Massachusetts state court. The complaint alleges multiple state-law claims concerning the loan and mortgage issued to purchase Rose's residence.

On April 17, 2017, the Court issued a memorandum and order granting in part and denying in part defendant BANA's motion to dismiss the complaint in its entirety. The order denied the motion without prejudice as to the claim that BANA had failed to file an affidavit certifying compliance with Mass. Gen. Laws ch. 244, § 35B in the relevant registry of deeds. The motion was otherwise granted.

BANA has renewed its motion to dismiss the remaining claim in the complaint. It contends that the claim should be dismissed as not ripe, because Mass. Gen. Laws ch. 244, §

35B(f) requires it to record an affidavit "[p]rior to publishing a notice of a foreclosure sale" and that no notice of foreclosure sale has yet been published.

Of course, in considering a motion to dismiss, the Court may only take into account the allegations in the complaint, not the representations of defense counsel.  The complaint states that defendant is "proceeding with a foreclosure without recording a certification as required under [§ 35B]."  (Compl. ¶ 79).  While not a model of clarity, that allegation is sufficient to state a plausible claim that BANA was required to file an affidavit at the relevant time and failed to do so.  To the extent that defendant is requesting that the Court consider facts drawn from outside of the four corners of the complaint, consideration of such evidence must be left for summary judgment or trial.  If the issue is a simple as defendant represents, defendant may file for summary judgment without undue delay.

Accordingly, the renewed motion to dismiss of defendant Bank of America, N.A. is DENIED.

**So Ordered.**

Dated: June 15, 2016

/s/  F. Dennis Saylor
F. Dennis Saylor IV
United States District Judge