UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BRUCE ROSE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. |
| v. ) | 16-11558-FDS |
| ) | |
| BANK OF AMERICA as the ) | |
| successor-in-interest of ) | |
| COUNTRYWIDE MORTGAGE, ) | |
| OPTION ONE, and ) | |
| EASTSIDE MORTGAGE, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER
VACATING THE COURT'S APRIL 2017 ORDER IN PART,
REQUESTING SUPPLEMENTAL BRIEFING, AND
<u>DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT</u>**

**SAYLOR, J.**

This is a dispute concerning an anticipated mortgage foreclosure. It had been previously represented to the Court that foreclosure was imminent, based on a notice that had been issued in 2009. In fact, however, no foreclosure has been noticed or scheduled, and the bank does not intend to rely on the 2009 notice. Accordingly, it is necessary for the Court to vacate portions of its April 17, 2017 order and order supplemental briefing as to whether this matter is justiciable in its current posture. The pending motion for summary judgment will be denied without prejudice.

**I.      <u>Background</u>**

Plaintiff Bruce Rose filed this action in state court on June 23, 2016. The complaint (1) sought a declaratory judgment that defendant Bank of America cannot foreclose on his property; (2) alleged intentional infliction of emotional distress; (3) alleged abuse of process; and

(4) alleged violation of Massachusetts General Laws Chapter 93A.  Specifically, with respect to the declaratory judgment count, Rose alleged (1) that Bank of America does not possess and cannot produce the original note as required by Mass. Gen. Laws ch. 244, § 14; (2) that the bank's right to foreclose has expired; and (3) that the bank has failed to make a good-faith offer to modify the mortgage or file an appropriate certification with the registry of deeds in compliance with Mass. Gen. Laws ch. 244, § 35B.  (Compl. ¶¶ 71-83).

Bank of America removed the action to this Court and filed a motion to dismiss for failure to state a claim.  The Court granted that motion in part and denied it in part on April 17, 2017.  The only count that survived was the count for declaratory judgment.  The Court ruled that Bank of America was not required to hold the note because it had noticed the foreclosure in 2009, at which time the law did not require the foreclosing party to hold the note (only the mortgage).  *See Eaton v. Fed. Nat'l Mortg. Ass'n*, 462 Mass. 569 (2012).  It also ruled that the complaint did not state a plausible basis to conclude that Bank of America's right to foreclose had expired or that Bank of America was under an obligation to make an offer to modify Rose's loan.  The Court further ruled that the complaint plausibly alleged that Bank of America had not submitted an affidavit with the registry of deeds certifying compliance with Mass. Gen. Laws Chapter 244, § 35B, as required, and therefore did not dismiss the declaratory judgment count.  The Court dismissed the counts for violation of Mass. Gen. Laws. Chapter 93A and abuse of process because they were based on the theory that Bank of America was required to hold the note in order to foreclose, which the Court had determined was not the governing law.

Since that ruling, Bank of America has moved for summary judgment on the declaratory judgment claim, arguing that because it has *not* noticed a foreclosure, its obligation to submit an affidavit certifying compliance with Mass. Gen. Laws Chapter 244, § 35B has not been

triggered, and a claim for declaratory judgment on that theory is not ripe.

At the time of the decision on the motion to dismiss, it had been represented to the Court that Bank of America was proceeding with a foreclosure pursuant to the 2009 notice alleged in the complaint. (*See* Compl. ¶¶ 5, 44). Indeed, other than the 2009 notice, the complaint does not allege that *any* notice of foreclosure has been issued. It further alleges that "[s]ince that date, Bank of America has threatened to foreclose on Mr. Rose's property even though it does not have any rights to take it." (Compl. ¶ 45; *see also id.* ¶ 60 ("The Defendant, Bank of America, has threatened to foreclose on the Plaintiff's property even though it does not have any rights to take it.")). It alleges that "[a] foreclosure on the Plaintiff's property is now being scheduled by the Bank of America." (*Id.* ¶ 70). And it alleges that "[t]he Bank of America has not followed the process under M.G.L. c. 244, s. 35B to modify the Plaintiffs' [sic] loan and is proceeding with a foreclosure without recording a certification as required under the statute," (*id.* ¶ 79), and "[u]pon information and belief, for the past ten years, Option One, Eastside, and Countrywide cannot produce any evidence, including an original note and mortgage on 22 Pompeii St. Boston, with Mr. Rose's signature and have no right to foreclose on his property," (*id.* ¶¶ 81, 107).

In connection with the motion for summary judgment, Bank of America submitted an affidavit setting forth the following facts: "A foreclosure sale of the Property previously was scheduled for October 16, 2009, but was canceled." (Def. Mot. for Summ. J. Ex. A ¶ 9). "Since the filing of this suit no foreclosure sale has been scheduled, nor has a notice of sale been published related to the Loan or Property." (*Id.* Ex. A ¶ 10). "On June 28, 2016, [Bank of America] recorded an Order of Notice in compliance with Servicemembers Civil Relief Act." (*Id.* Ex. A ¶ 11). That affidavit also states that "[Bank of America] has not taken steps to commence a foreclosure action under Mass. Gen. Laws. ch. 244, § 14." (*Id.* Ex. A ¶ 12). To the

3

extent that statement means that Bank of America has not taken steps to issue the notice itself, that fact appears to be undisputed, although plaintiff avers that "[w]hile the Defendant has not foreclosed upon Rose's home, it has taken every step, except the final step of sending out the final notice to initiate a foreclosure under M.G.L. ch. 244." (Pl. Opp. to Summ. J. at 4).

Counsel for Bank of America represented at the November 28, 2017 hearing before this Court that the bank was not proceeding under the 2009 notice, which has been canceled. No new notice has been issued. Counsel for Rose represented that he is bringing this action as a declaratory judgment in anticipation of receiving a new notice (as Bank of America has taken some preliminary steps indicating its intent to foreclose) to reduce the stress on his client. Bank of America has not denied that it is planning to foreclose on Rose's property, but it has not issued the required notice.

## II.     Reconsideration of the Order on Defendant's Motion to Dismiss

In light of the foregoing, some modification to the Court's prior ruling is in order.

### 1.     Count 1:  Declaratory Judgment

To the extent the Court's April 17, 2017 order ruled that the law of 2009 applied to the foreclosure contemplated by this action, and therefore that Bank of America is not required to hold the note in order to effect a proper foreclosure, the order will be vacated. If the Bank of America decides to foreclose on the property, it must conduct that foreclosure in accordance with current law.

### 2.     Counts 3 and 4:  Abuse of Process and Chapter 93A

Because the Court's dismissal of plaintiff's abuse of process and Chapter 93A claims were similarly predicated on the misunderstanding that the bank was proceeding under the 2009 notice, and therefore was not required to hold the note and the mortgage, the dismissal of those

claims will also be vacated.

### III. Supplemental Briefing

In its current posture, this case raises potentially serious justiciability issues. Now that it is clear that this case concerns an anticipated, but not yet noticed, foreclosure action, the Court must address whether the remaining questions presented are ripe for declaratory judgment. *See Maryland Cas. Co. v. Pac. Coal & Oil Co.*, 312 U.S. 270, 273 (1941) ("Basically, the question in each case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment."); *Labor Relations Div. of Constr. Indus. of Mass., Inc. v. Healey*, 844 F.3d 318, 326-27 (1st Cir. 2016) (quoting *Maryland Cas.* and explaining "a claim is ripe only if the party bringing suit can show both that the issues raised are fit for judicial decision at the time the suit is filed and that the party bringing suit will suffer hardship if 'court consideration' is withheld"); *Riva v. Massachusetts*, 61 F.3d 1003, 1009-10 (1st Cir. 1995) ("When a litigant seeks relief that is primarily prospective in character, questions of ripeness are analyzed under a familiar framework that considers the fitness of the issue for immediate review and the hardship to the litigant should review be postponed. . . . A third salient factor that enters into the assessment of fitness involves the presence or absence of adverseness."); *Ernst & Young v. Depositors Econ. Prot. Corp.*, 45 F.3d 530, 535-37 (1st Cir. 1995) ("While the doctrine has a prudential flavor, a test for ripeness is also mandated by the constitutional requirement that federal jurisdiction extends only to actual cases or controversies.").[1]

---

[1] The complaint asserts a claim under the Massachusetts Declaratory Judgment Act, Mass. Gen. Laws ch. 231A. Because this case has been removed to federal court and declaratory judgment is procedural, the question of whether this Court may grant a declaratory judgment must be reviewed under the standard of the federal Declaratory Judgment Act, 28 U.S.C. § 2201. *Traincroft, Inc. v. Ins. Co. of Penn.*, 2014 WL 2865907, at *5 (D. Mass. 2014).

The complaint seems to make a plausible allegation that foreclosure is reasonably imminent. It alleges that Bank of America "has threatened to foreclose," "is proceeding with a foreclosure," and that foreclosure "is now being scheduled." (Compl. ¶¶ 45, 60, 70, 79). The evidentiary record confirms that the bank has filed a notice in compliance with the Servicemembers Civil Relief Act, which is a step towards foreclosure. The bank has vigorously defended its right to foreclose and repeatedly noted that plaintiff has not made a mortgage payment in more than nine years.

However, there are multiple factual contingencies that must be satisfied before foreclosure can occur. For example, it appears that the question of whether the bank has complied with Mass. Gen. Laws ch. 244, § 35B(f) is not ripe, because it need only do so at some point prior to noticing the foreclosure, which it has yet to do. Similarly, the question of whether the bank possesses both the note and the mortgage may not yet be ripe—it need only possess them by the time of foreclosure.

Thus, it is unclear whether the Court can issue the declaratory relief that plaintiff seeks—namely, a declaration that the bank can never foreclose, even if complies with all relevant requirements. Surely the Court cannot issue an order declaring that the bank cannot foreclose unless it files a § 35B(f) affidavit, possesses the note and the mortgage, and otherwise satisfies its legal and contractual obligations; that is simply an advisory opinion that the bank must follow the law.

Under the circumstances, the Court will order the parties to file supplemental briefing addressing the justiciability of this matter. The pending motion for summary judgment will be

---

But which statute is used makes little difference in this case—both require a case or controversy, both are discretionary, and both allow the Court to make a determination of parties' rights and legal relations. *See* 28 U.S.C. § 2201; Mass. Gen. Laws ch. 231A, § 1.

denied without prejudice.

## IV. <u>Conclusion</u>

The Court's April 17, 2017 Order is VACATED in part. Counts 3 and 4 of the complaint are hereby reinstated. The parties are ORDERED to file supplemental briefing on the issue of justiciability according to the following schedule: plaintiff shall file a memorandum on or before December 28, 2017, and defendants shall file a responsive memorandum by January 12, 2018. The motion for summary judgment is DENIED without prejudice.

**So Ordered.**

Dated: December 7, 2017

/s/ F. Dennis Saylor  
F. Dennis Saylor, IV  
United States District Judge