UNITED STATES DISTRICT COURT
                             DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BRUCE ROSE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil Action No. |
| v. | ) 16-11558-FDS |
| | ) |
| BANK OF AMERICA as the | ) |
| successor-in-interest of | ) |
| COUNTRYWIDE MORTGAGE, | ) |
| OPTION ONE, and | ) |
| EASTSIDE MORTGAGE, | ) |
| | ) |
| Defendants. | ) |
| | ) |

## MEMORANDUM AND ORDER DISMISSING CASE AS UNRIPE

**SAYLOR, J.**

This is a dispute concerning an anticipated mortgage foreclosure. Although defendant Bank of America has taken certain steps preparatory to initiating a foreclosure, no foreclosure has yet been noticed. Because plaintiff's remaining claims will not be ripe until the time of foreclosure, they will be dismissed as nonjusticiable.

**I.      Background**

The Court has already determined that Bank of America's right to foreclose has not expired; that any claim arising from the origination of the loan is barred by the settlement agreement; and that the complaint does not state a claim for intentional infliction of emotional distress. (Docket Nos. 27, 48). Therefore, at this stage, plaintiff is seeking a declaratory judgment that the bank cannot foreclose on his property because (1) Bank of America does not possess and cannot produce the original note as required by Mass. Gen. Laws ch. 244, § 14; and

(2) the bank has failed to make a good-faith offer to modify the mortgage or file an appropriate certification with the registry of deeds in compliance with Mass. Gen. Laws ch. 244, § 35B. (Compl. ¶¶ 71-83). Plaintiff's other two claims—for abuse of process and violations of Massachusetts General Laws Chapter 93A—are predicated on his position that foreclosure is improper.

The complaint refers to a notice of foreclosure sent in 2009. (*See* Compl. ¶¶ 5, 44). It is now undisputed that the notice has been canceled and no foreclosure is currently scheduled. (*See* Pl. Response to Ct. Order at 4 (explaining that the parties need guidance regarding "a possible future foreclosure"); Def. Response to Ct. Order at 2-3).

## II.   Analysis

"[A] claim is ripe only if the party bringing suit can show both that the issues raised are fit for judicial decision at the time the suit is filed and that the party bringing suit will suffer hardship if 'court consideration' is withheld." *Labor Relations Div. of Constr. Indus. of Mass., Inc. v. Healey*, 844 F.3d 318, 326 (1st Cir. 2016) (quoting *McInnis-Misenor v. Me. Med. Ctr.*, 319 F.3d 63, 70 (1st Cir. 2003)). "In considering the fitness prong of the ripeness inquiry, [the First Circuit] ha[s] emphasized that a 'claim is not ripe for adjudication if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all.'" *Id.* (quoting *City of Fall River v. Fed. Energy Regulatory Comm'n*, 507 F.3d 1, 6 (2007)).

Mass. Gen. Laws ch. 244, § 14, requires an entity seeking foreclosure to hold both the mortgage and the original note. *Eaton v. Fed. Nat'l Mortg. Ass'n*, 462 Mass. 569 (2012). But Massachusetts courts are clear that it need only hold both instruments at the time of the foreclosure: "[A]lthough a foreclosing mortgagee must demonstrate an unbroken chain of assignments in order to foreclose a mortgage, and now must also demonstrate that it holds the

note (or acts as authorized agent for the note holder) at the time it commences foreclosure, nothing in Massachusetts law requires a foreclosing mortgagee to demonstrate that prior holders of the record legal interest in the mortgage also held the note at the time each assigned its interest in the mortgage to the next holder in the chain." *Sullivan v. Kondaur Capital Corp.*, 85 Mass. App. Ct. 202, 210 (2014) (citations omitted); *see Matt v. HSBC Bank USA*, 968 F. Supp. 2d 351, 357 (D. Mass. 2013) ("[B]ecause the mortgage does not necessarily follow the note, the mortgage may be independently assigned and held in trust for the note-holder. Post-*Eaton*, a foreclosing entity need only hold both the note and the mortgage at the time that the mandatory notice of sale has been given." (citations omitted)).

Mass. Gen. Laws ch. 244, § 35B(f) requires an entity seeking foreclosure to "certify compliance with this section in an affidavit based upon a review of the creditor's business records." Section 35B generally requires a creditor to take "reasonable steps and ma[ke] a good faith effort to avoid foreclosure," including offering loan modifications to eligible borrowers. *See* Mass. Gen. Laws ch. 244, § 35B. However, subsection (f), by its own terms, only requires certification of compliance "[p]rior to publishing a notice of a foreclosure sale, as required by section 14." *Id.* § 35B(f).

Because defendants have not noticed a foreclosure, this action is not ripe. Plaintiff seeks a declaration that defendants must meet certain legal obligations under chapter 244 in order to foreclose, but those obligations simply do not exist until a foreclosure is noticed. Thus, plaintiff's claim depends on multiple factual contingencies that may not occur as anticipated—namely, defendants must (1) notice a foreclosure, and, *at that time*, (2) fail to control both the note and the mortgage or (3) fail to have certified compliance with § 35B. Although the Court accepts, under the circumstances, that foreclosure is sufficiently imminent to make a declaratory

judgment about whether defendants' right to foreclose has expired—a question which requires no additional contingencies—any opinion by this Court as to defendants' obligations under § 14 and § 35B prior to a notice of foreclosure would be merely an advisory opinion exhorting defendants to follow the law.[1]  Such a complaint is not ripe for judicial resolution.

### III.     Conclusion

For the foregoing reasons, the remaining claims will be DISMISSED without prejudice as not ripe for judicial review.

**So Ordered.**

Dated: January 16, 2018

/s/ F. Dennis Saylor
F. Dennis Saylor, IV
United States District Judge

---

[1] It is true that the complaint seems to make a plausible allegation that foreclosure is reasonably imminent. It alleges that Bank of America "has threatened to foreclose," "is proceeding with a foreclosure," and that foreclosure "is now being scheduled." (Compl. ¶¶ 45, 60, 70, 79).  The evidentiary record confirms that the bank has filed a notice in compliance with the Servicemembers Civil Relief Act, which is a step toward foreclosure. (Def. SMF ¶ 5).  The bank has vigorously defended its right to foreclose and repeatedly noted that plaintiff has not made a mortgage payment in more than nine years.  Nonetheless, under the circumstances, the Court cannot simply issue a declaratory judgment that the bank must follow the law if it follows through with a foreclosure.